The opinion of the Coürt was delivered by
Mr. Justice Grimke.
I am of opinion that this is of that class of cases where the evidence is properly submitted to the J ury. They were to determine the identity of the hogs, and whether Simpson, Vallandingham, and M-Ilwayne, had not all of them been concerned in the killing or converting these hogs to their use. They have done so, and I think on good grounds: for,
I st. As to Simpson, he was proved to have killed hogs answering the description of those lost by plaintiff, and he has not shown that the hogs which he did kill were those which were purchased from the hog-driver; and, indeed, there is no evidence that such hogs were lost by a hog-driver, for no description was proved which tallies with those claimed by plaintiff The proof is, he purchased' a stray gang as they ran in the woods; and which testimony comes from his own and Vallandingham's naked declarations.
2d. As to M'-Ilwayne, as he became the partaker of the hogs so claimed by Simpson, if Simpson's right be not good, neither could his be so; he, therefore, stands on the same ground as Simpson, whom he assisted in hunting and kill *433 tng, and taking one for his share for the trouble he had in doing so.
3d. As to Vallandingham, he acknowledged the two sows which were about his house were the co-partnership hogs he and Simpson bought of the hog-driver, which identifies them to be of the same gang; now, if Simpson gave no proof that the hogs he killed were the identical hogs lost by the hog-driver, and purchased by them, neither did Vallandingham extend any such proof: his evidence, therefore, rested upon the same testimony as Simpson’s. All this evidence was submitted to the Jury, and they found that the hogs claimed by defendants as stray hogs, which they purchased of the hog-driver, were not the hogs so strayed, but they were the hogs of the ' plaintiff which he had lost, and which he had proved to have got into the neighbourhood of defendants. It cannot be expected that full and satisfactory evidence can be adduced in every case; but, on the contrary, every case tried shows the uncertainty of proving fully every fact contended for: it is in cases of this kind, that the Jury are properly and legally called • upon to determine as to the strength and weight of evidence; and when they have done so, I should be unwilling to grant a new trial on account of the views they have taken of the evidence, unless it could be made to appear that they had found a verdict without, or against evidence or law, or violated their province *434 of decision in some gross manner; none of these, in my opinion, have they done in the present case. The motion, therefore, for a new trial must be discharged.
JVoii, Cohock, Johnson, and Cheves, J. concurred.